```
STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JENNIFER RESNIK (Cal. Bar No. 233634)
Assistant United States Attorney
Asset Forfeiture Section
     1400 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-6595
     Facsimile: (213) 894-7177
     E-mail:    Jennifer.Resnik@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA
```

FILED
CLERK, U.S. DISTRICT COURT

Feb 13, 2015

CENTRAL DISTRICT OF CALIFORNIA
BY: ___PMC___ DEPUTY

JS-6

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED IN PACIFIC PALISADES, ASSESSOR PARCEL NUMBER 4420-019-023,<br><br>          Defendant. | No. CV 14-4392-SVW (VBKx)<br><br>[~~PROPOSED~~]<br>AMENDED CONSENT JUDGMENT |

   This action was filed on June 6, 2014. Notice was given and published in accordance with law. Claimants Regis Possino, Karen Cicero and the Palisades Investment Trust under Agreement Dated April 16, 1997 (collectively "Claimants") filed claims to the defendant Real Property located in Pacific Palisades, California, Assessor Parcel Number 4420-019-023 (the "defendant property"), more particularly described below. No other statements of interest or

1  answers have been filed,[1] and the time for filing such statements of
2  interest and answers has expired.  Plaintiff (the "government") and
3  Claimants have reached an agreement that is dispositive of the claims
4  to the defendant property in this action.  The parties have requested
5  that the Court enter this Consent Judgment.
6      WHEREFORE, IT IS ORDERED, ADJUDGED AND DECREED:
7      A.  This Court has jurisdiction over this action pursuant to 28
8  U.S.C. §§ 1345 and 1355 and over the parties hereto.
9      B.  The Complaint for Forfeiture states a claim for relief
10 pursuant to 18 U.S.C. § 981(a)(1)(A) and (C).
11     C.  Notice of this action has been given in accordance with
12 law.  All potential claimants to the defendant property other than
13 Claimants are deemed to have admitted the allegations of the
14 Complaint.
15     D.  The defendant property shall be sold for fair market value
16 in accordance with the terms of this paragraph.  The legal
17 description of the defendant property is:

    LOT 32 OF TRACT 30453, IN THE CITY OF LOS ANGELES,
    COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP
    RECORDED IN BOOK 1006 PAGES 42 THROUGH 49 INCLUSIVE OF
    MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID
    COUNTY.  EXCEPT THEREFROM ALL MINERALS, OILS,
    PETROLEUM AND KINDRED SUBSTANCES AND NATURAL GAS UNDER
    SAID LAND, BUT WITHOUT RIGHT OF SURFACE ENTRY TO THE
    SURFACE OR THE SUBSURFACE THERETO TO A DEPTH OF 500
    FEET OF SAID LAND, AS RESERVED IN DEED RECORDED
    FEBRUARY 18, 1957 AS INSTRUMENT NO. 1863.

---

[1] On October 13, 2014, Mountain Park Management, LLC and EMAD Management, LLC, through their attorney, filed an answer to the Complaint and a Petition for Remission or Mitigation, (See Docket Nos. 10-12), which were withdrawn on November 13, 2014.  (See Docket Nos. 19-20).  On October 31, 2014, HSBC Bank USA, N.A., through its attorney, filed a claim and certificate of interested party (See Docket Nos. 16 and 17), which were withdrawn on November 26, 2014. (See Docket No. 24).

1        i.   Claimants shall cause the defendant property to be
2   sold at the highest available reasonable price. Within 30 days of
3   the entry of this Judgment, Claimants shall undertake to list the
4   defendant property with the Multiple Listing Service and/or any other
5   forum to market the property to the public, and shall attempt to
6   procure a ready, willing and able buyer. The minimum price to be
7   accepted is $2,500,000. The listing agent(s) shall be a licensed
8   real estate broker with experience selling properties in the area
9   where the defendant property is located.

10       ii.  At least 21 days prior to the close of escrow with
11  respect to any attempted sale of the defendant property pursuant to
12  this Judgment, Claimants must disclose to the government the
13  following: (i) the identities of the prospective buyer(s), including
14  current address(es) and driver's license number(s); (ii) the purchase
15  price; and (iii) the final escrow instructions. The government must
16  notify Claimants within 4 business days thereafter if it does not
17  approve of the buyer, the purchase price and/or the final escrow
18  instructions, in which case escrow shall be cancelled.

19       iii. Not later than three (3) days prior to the anticipated
20  close of escrow as described above, the United States shall deliver
21  to the escrow agent a conditional withdrawal of its lis pendens
22  recorded against the defendant property. This conditional withdrawal
23  may be recorded only if the terms of this Judgment have been
24  completely satisfied.

25       iv.  If the defendant property is not sold within 120 days
26  after entry of the Judgment, subject to the terms of paragraph D(v),
27  the government shall have the power to take custody and control of
28

3

the defendant property, sell the defendant property and transfer valid title to the defendant property in its entirety without the need to gain further consent of Claimants or this Court with respect to any aspect of the sale.

    v.    The proceeds of the sale of the defendant property shall be distributed as follows:

        a.    First, payment of all outstanding real property taxes to the Los Angeles County Tax Collector to the date of closing of escrow;

        b.    Second, payment of all costs of escrow and sale, including real estate sales commissions and applicable fees triggered by the sale of the defendant property;

        c.    Third, to the extent funds remain, payment to any secured lienholders whose security interests were recorded prior to recording of the United States of America's lis pendens in this action, namely, HSBC Mortgage Corporation (in first position) and Mountain Park Management, LLC and Emad Management, LLC (in second position);

        d.    Fourth, to the extent funds remain (the "net proceeds"), $877,000.00 of the net proceeds shall be wired from escrow directly to the Clerk of Court for the Central District of California and shall be applied first to any restitution order, and second to any fines or fees, entered in <u>United States v. Regis Possino</u>, CR No. 13-48(A)-SVW. The government shall provide payment instructions directly to the escrow company handling the sale of the defendant property. If the $877,000.00 has not been disbursed within one year of the date the funds are deposited with the Clerk of Court,

4

1  the funds shall be transferred to the United States Department of
2  Treasury's Victim Fund. If a restitution order has not yet been
3  entered in <u>United States v. Regis Possino</u>, CR No. 13-48(A)-SVW at the
4  close of escrow, the $877,000.00 shall be held by the United States
5  Marshals Service until such time as an order is entered and then
6  transferred forthwith to the Clerk of Court as described above.

       e.  Fifth, to the extent net proceeds remain, those
funds shall be paid to claimant Karen Cicero, who shall provide
payment instructions directly to the escrow company handling the sale
of the defendant property.

    vi.  The parties shall execute any and all documents
necessary to consummate the sale of the defendant property, to convey
clear title of the property to the buyers, and to further implement
the terms of this Judgment.

  E.  Claimants have released the United States of America, its
agencies, agents, and officers, including employees and agents of the
Federal Bureau of Investigation, from any and all claims, actions or
liabilities arising out of or related to this action, including,
without limitation, any claim for attorney's fees, costs or interest
which may be asserted on behalf of the Claimants, whether pursuant to
28 U.S.C. § 2465 or otherwise. Nothing in this Consent Judgment is
intended as, nor should anything in this Consent Judgment be
interpreted as an admission by Claimants of any liability or
wrongdoing.

//
//
//

F. The court finds that there was reasonable cause for the institution of these proceedings. This judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: _____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: February 12, 2015    STEPHANIE YONEKURA
Acting United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

/s/ _____
JENNIFER M. RESNIK
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

DATED: February___, 2015

_____
JONATHAN AMINOFF
Deputy Federal Public Defender
Counsel for REGIS POSSINO

DATED: February 12, 2015    RANDOLPH & ASSOCIATES

_____
DONALD C. RANDOLPH, ESQ
Counsel for KAREN CICERO

DATED: February 12, 2015    RANDOLPH & ASSOCIATES

_____
DONALD C. RANDOLPH, ESQ
Counsel for Palisades Investment Trust
under Agreement Dated April 16, 1997

6

1    F.   The court finds that there was reasonable cause for the
2 institution of these proceedings.  This judgment shall be construed
3 as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

Dated: February 13, 2015

_____
THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

**Approved as to form and content:**

DATED: February___, 2015          STEPHANIE YONEKURA
                                  Acting United States Attorney
                                  ROBERT E. DUGDALE
                                  Assistant United States Attorney
                                  Chief, Criminal Division
                                  STEVEN R. WELK
                                  Assistant United States Attorney
                                  Chief, Asset Forfeiture Section


                                        /s/
                                  _____
                                  JENNIFER M. RESNIK
                                  Assistant United States Attorney

                                  Attorneys for Plaintiff
                                  United States of America

DATED: February 12, 2015

                                  _____
                                  JONATHAN AMINOFF
                                  Deputy Federal Public Defender
                                  Counsel for REGIS POSSINO

DATED: February___, 2015          RANDOLPH & ASSOCIATES


                                  _____
                                  DONALD C. RANDOLPH, ESQ
                                  Counsel for KAREN CICERO

DATED: February___, 2015          RANDOLPH & ASSOCIATES


                                  _____
                                  DONALD C. RANDOLPH, ESQ
                                  Counsel for Palisades Investment Trust
                                  under Agreement Dated April 16, 1997

6